UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONNA DE LA TORRE, ALEX RECTOR, MATTIE RUTH, CHRISTINE DINOTTIA, MELISSA WEBSTER, JASON WEBSTER, DOUGLAS FENNESSY, and NANCY FENNESSY,

Plaintiffs,

v.

ERDLE PERFORATING COMPANY, LLC, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and FALCON INDUSTRIES, LLC,

Defendants.

**DECISION AND ORDER**

6:25-CV-06449 EAW

## INTRODUCTION

Plaintiffs Donna de la Torre, Alex Rector, Mattie Ruth, Christine Dinottia, Melissa Webster, Jason Webster, Douglas Fennessy, and Nancy Fennessy (collectively "Plaintiffs") bring this action against defendants Erdle Perforating Company, LLC ("Erdle"), New York State Department of Environmental Conservation ("NYSDEC"), and Falcon Industries, LLC ("Falcon Industries") alleging various claims related to the remediation of hazardous substances at a superfund site. (Dkt. 1). Two causes of action are asserted against NYSDEC: a claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) (*id.* at 12-14 (second cause of action)), and a claim for negligence (*id.* at 16 (fourth cause of action)). Pending before the Court is NYSDEC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 4).

Because Plaintiffs' claims against NYSDEC are barred by the sovereign-immunity doctrine and no exception to that doctrine applies, the Court dismisses the claims against NYSDEC without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).[1]

**BACKGROUND**

The following facts are taken from Plaintiffs' complaint. (Dkt. 1). As required at this stage of the proceeding, the Court treats Plaintiffs' well-pleaded allegations as true.

Erdle operates a facility located in an industrial park in the Town of Gates, New York, that has been used to manufacture perforated sheet metal products since 1968 (the "Erdle Facility"). (Dkt. 1 at ¶¶ 14, 29, 33). Falcon Industries owns the Erdle Facility. (*Id.* at ¶ 16). To manufacture the sheet metal products, Erdle used various lubricants which were removed from the finished product with degreasing solvents, such as trichloroethene ("TCE"). (*Id.* at ¶ 34). Until 1987, the used TCE was collected in a 2,000-gallon underground storage tank, which was shipped off-site for disposal. (*Id.* at ¶ 35). Other waste oils were stored in a similar underground tank. (*Id.* at ¶ 37). In February 1987, the

[1] "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) (quoting *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."); *cf. Daniel v. Doe 1 Through Doe 10*, No. 21-2479-CV, 2024 WL 2131446, at *2 (2d Cir. May 13, 2024) (affirming dismissal with prejudice on sovereign immunity grounds because neither party requested that dismissal be modified to be without prejudice and "[b]ecause neither we nor the Supreme Court have squarely held that a dismissal based on the Eleventh Amendment implicates the court's subject matter jurisdiction").

TCE tank failed a pressure test and leaked into the surrounding subsurface, which has been confirmed by subsequent soil and groundwater testing ("Erdle Site"). (*Id.* at ¶¶ 38-39). The TCE and other waste tanks and 100 cubic yards of contaminated soil were removed from the Erdle Site after the leak was discovered. (*Id.* at ¶ 40). As a result of the contamination, NYSDEC listed the Erdle Site as a Class 2 site in the Registry of Inactive Hazardous Waste Disposal Sites in New York in December 1987. (*Id.* at ¶¶ 41, 43).

Erdle entered into a consent order with NYSDEC to perform a remedial investigation for the Erdle Site. (*Id.* at ¶ 45). Pursuant to that agreement, Erdle installed an extraction system, which removes contaminants from groundwater and soil, as an interim remedial measure. (*Id.* at ¶¶ 46-47). Off-site groundwater monitoring wells were also installed. (*Id.* at ¶ 48).

In 2006, the Erdle Site was referred to the New York State Superfund program due to Erdle's failure to perform a satisfactory remedial investigation, address contamination, maintain interim remedial measures, and prepare written reports. (*Id.* at ¶¶ 49-56). Volatile organic compounds associated with the TCE leak remain at the Erdle Site and at a nearby townhouse development called Hidden Valley, where Plaintiffs owned real property, currently reside, or formerly resided. (*Id.* at ¶¶ 3-8, 58-59). A plume of volatile organic compounds has migrated from the Erdle Site to Hidden Valley. (*Id.* at ¶ 62).

After taking over the Erdle Site, NYSDEC implemented an electric resistance heating remedial scheme, which was less costly than other remedial options. (*Id.* at ¶¶ 67-68). Despite remedial efforts, testing "continue[s] to show the presence of TCE, benzene, and vinyl chloride soil vapor exceeding guidance values established by the New York State

Department of Health." (*Id.* at ¶ 71). NYSDEC identified several homes in Hidden Valley, "including some or all of Plaintiffs' properties or former properties," that require further soil vapor monitoring or mitigation. (*Id.* at ¶ 72).

Plaintiffs filed this suit on August 29, 2025, seeking damages and injunctive relief. (Dkt. 1). NYSDEC moved to dismiss shortly thereafter. (Dkt. 4). Plaintiffs filed their opposition (Dkt. 8) and NYSDEC replied (Dkt. 9). Neither Erdle nor Falcon Industries have appeared in this action and thus take no position on the motion.

## DISCUSSION

### I. Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Whether a complaint should be dismissed for lack of subject matter jurisdiction is a threshold issue. *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

## II. <u>Analysis</u>

Plaintiffs assert two causes of action against NYSDEC: (1) a violation of RCRA; and (2) common law negligence. (Dkt 1 at ¶¶ 90-103, 117-123). Plaintiffs seek compensatory damages and an injunction, and an award of attorneys' fees. (*Id.* at ¶¶ 102-03, 122-23). NYSDEC argues that the Court lacks subject matter jurisdiction because the claims asserted by Plaintiffs against it are barred by Eleventh Amendment sovereign immunity. (Dkt. 4-1 at 7-10). Because NYSDEC is an agency of New York State and none of the exceptions to Eleventh Amendment sovereign immunity apply to permit suit in federal court, the Court lacks subject matter jurisdiction and therefore grants NYSDEC's motion.

"The Eleventh Amendment provides that: 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Burnette v. Carothers*, 192 F.3d 52, 56-57 (2d Cir. 1999) (quoting U.S. Const. amend. XI). "Although the text of the amendment speaks only of suits against a state by persons who are not citizens of that state, the Supreme Court has interpreted the Eleventh Amendment to extend to suits by all persons against a state in federal court." *T.W. v. N.Y. State Bd. of L. Examiners*, 110 F.4th 71, 79 (2d Cir. 2024) (quoting *Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996)). Furthermore, "[s]tate immunity extends to state agencies and to state officers who act on behalf of the state." *Burnette*, 192 F.3d at 57. "Because state sovereign immunity is 'a jurisdictional limitation on the power of federal courts,' it may deprive such a court 'of subject matter

jurisdiction[.]'" *Baroni v. Port Auth. of N.Y. & N.J.*, 161 F.4th 48, 54 (2d Cir. 2025) (first quoting *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004); and then quoting *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001)). But Eleventh Amendment sovereign immunity does not bar a suit if "the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception." *Nat'l Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019).

**A. RCRA**

RCRA's citizen suit provision permits any person to commence a civil action "against any person, including . . . any other governmental instrumentality or agency, *to the extent permitted by the eleventh amendment to the Constitution*," who has contributed to the handling of hazardous waste that endangers health or the environment. 42 U.S.C. § 6972(a)(1)(B). As NYSDEC argues, the Second Circuit has expressly held that this provision "do[es] not unequivocally express Congress's intent to abrogate sovereign immunity and subject states to suit." *Burnette*, 192 F.3d at 57. The opposite is true. *See id.* (holding that the RCRA citizen suit provision did not "abrogate Connecticut's sovereign immunity and that the state defendants are therefore entitled to immunity from suit in federal court").

Plaintiffs cite *Cox v. City of Dallas*, 256 F.3d 281 (5th Cir. 2001) to argue that the Eleventh Amendment does not bar their RCRA claim against NYSDEC. (Dkt. 8 at 7). But that case is distinguishable. *Cox v. City of Dallas* permitted a RCRA citizen suit to proceed against the executive director of a state agency for injunctive relief pursuant to the *Ex parte Young* exception. 256 F.3d at 307-09 ("Far from demonstrating Congress's intention to

bar access to *Ex parte Young*, the RCRA embraces the *Ex parte Young* doctrine as a feature of its remedial scheme."). The *Ex parte Young* doctrine provides that "the Eleventh Amendment does not bar suits seeking prospective relief against state officials acting in violation of federal law because such action is not considered an action of the state." *Burnette*, 192 F.3d at 57 n.3. No state officials are named as defendants here so that exception does not apply.[2] Plaintiffs do not argue that any other exception to Eleventh Amendment immunity applies to their RCRA claim against NYSDEC. The Court concludes that the Eleventh Amendment bars Plaintiffs' RCRA claim as asserted against NYSDEC.

**B. Negligence**

The Court also lacks subject matter jurisdiction over Plaintiffs' common law negligence claim against NYSDEC. Unlike the RCRA claim, New York State has waived

---

[2] In one sentence in their opposition papers, Plaintiffs state: "To the extent necessary and subject to this Court's decision, Plaintiffs will take all required steps to interpose such claims against the relevant officers." (Dkt. 8 at 7). This is not a proper request for leave to amend. *See* Fed. R. Civ. P. 15(a)(2); Loc. R. Civ. P. 15. Indeed, Plaintiffs arguably could have amended their complaint without leave of court at this stage of the proceedings, *see* Fed. R. Civ. P. 15(a)(1), but failed to do so. Thus, under the circumstances, the Court is not required to *sua sponte* afford Plaintiffs an opportunity to cure the deficiencies in their complaint. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . to the district court . . . how amendment would cure the pleading deficiencies in its complaint."); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("A counseled plaintiff is not necessarily entitled to . . . repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured."); *Thousand Island Park Corp. v. Welser*, 314 F. Supp. 3d 391, 400 (N.D.N.Y. 2018) (denying leave to amend due to "plaintiff's non-compliance with [the] District's various Local Rules [and] the . . . absence of any indication as to how plaintiff might cure the defects in its . . . claim.").

its sovereign immunity as to common-law tort claims, but such claims for damages must be brought in the New York State Court of Claims. N.Y. Ct. Cl. Act §§ 8, 9(2); *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977) ("[T]he State of New York waives its immunity from liability and consents to be sued upon condition that the claimant brings suit in the Court of Claims."). Indeed, "the State of New York has not waived its Eleventh Amendment immunity to suit *in federal court* for state common law and constitutional torts." *Hayut v. State Univ. of N.Y.*, 127 F. Supp. 2d 333, 340 (N.D.N.Y. 2000) (emphasis added); *see also Morell v. Balasubramanian*, 70 N.Y.2d 297, 300 (1987) ("Since the adoption of the Court of Claims Act . . . [New York] State has been subject to suit for damages, but only in the Court of Claims."). The Court therefore agrees with NYSDEC that it lacks jurisdiction over Plaintiffs' request for damages on their negligence claim as that cause of action must be filed in the New York State Court of Claims.

Nevertheless, Plaintiffs contend that jurisdiction is proper in federal court because the negligence claim seeks both monetary and injunctive relief. (Dkt. 8 at 5). Plaintiffs do not cite any statute or case law in support of their position, and that argument is not on point because, as explained above, the *Ex parte Young* exception to state sovereign immunity applies to state officers acting in their official capacity and Plaintiffs did not sue any NYSDEC official. *See, e.g.*, *Jacobs v. Jacobs*, No. 22-2846, 2023 WL 4503766, at *2 (2d Cir. July 13, 2023) ("[F]or the *Ex parte Young* exception to apply, a plaintiff must name a state official—that is, an individual person—not a state agency[.]"); *City of Austin v. Paxton*, 943 F.3d 993, 1004 (5th Cir. 2019) ("But in order '[t]o fall within the *Ex parte Young* exception to sovereign immunity . . . a plaintiff must name individual state officials

as defendants in their official capacities.'" (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013))). The *Ex parte Young* exception does not apply to an entire state agency such as NYSDEC. *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022) ("*Ex parte Young*, however, has no application to the [NYSDEC] itself."). Indeed, the Supreme Court has made clear that *Ex parte Young*, "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). The Court therefore also lacks subject matter jurisdiction over Plaintiffs' request for injunctive relief on its negligence claim against NYSDEC.

Because Eleventh Amendment sovereign immunity bars Plaintiffs' claims asserted against NYSDEC, the Court lacks subject matter jurisdiction to adjudicate these claims. NYSDEC's motion to dismiss for lack of subject matter jurisdiction is therefore granted.[3]

[3] Because the Court concludes that it lacks subject matter jurisdiction to hear either of Plaintiffs' claims against NYSDEC, the Court has not addressed NYSDEC's arguments under Fed. R. Civ. P. 12(b)(6). (*See* Dkt. 4-1 at 10-11).

## CONCLUSION

For the foregoing reasons, NYSDEC's motion to dismiss (Dkt. 4) is granted. Plaintiffs' claims against NYSDEC are dismissed without prejudice. The Clerk of Court is directed to terminate NYSDEC as a defendant.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 10, 2026
Rochester, New York